```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  10-20262-CIV-HUCK
                              MAGISTRATE P. A. WHITE

DANIEL GALLAGHER,             :

        Plaintiff,            :

v.                            :         REPORT OF
                                        MAGISTRATE JUDGE
MELINDA MIEL, et al           :

        Defendants.           :
_____
```

The pro-se plaintiff, Daniel Gallagher, filed a civil rights complaint pursuant to 42 U.S.C. §1983, while confined in the Dade Correctional Institution. (De#1) The plaintiff alleges that an office worker employed at Msgr. Pace High School in Miami, Florida slandered him. He seeks monetary damages in the amount of one million dollars. The plaintiff is proceeding in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *  *  *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

>    the court determines that –
>
>              *    *    *
>
>    (B) the action or appeal –
>
>              *    *    *
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. <u>See</u> 42 U.S.C. 1983; <u>Polk County v Dodson</u>, 454 U.S.312 (1981); <u>Whitehorn v Harrelson</u>, 758 F. 2d 1416, 1419 (11 Cir. 1985.). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or <u>Fed.R.Civ.P.</u> 12(b)(6) or (c). <u>See</u> <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in <u>Fed.R.Civ.P.</u> 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998),<u>See</u>: <u>Whitehorn</u>, 758 F.2d at 1419

id. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of

3

what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

B. Factual Allegations

The plaintiff alleges that on June 30, 2006, Melinda Miel slandered him by giving false information to obtain a restraining order, no. 06-002697-FC-04. She allegedly, falsely claimed that he threatened to bomb the high school. He claims the state attorney admitted the plaintiff never made the threat in his response to Gallagher's motion for post conviction relief filed on April 13, 2009.

The plaintiff is not attempting to collaterally attack the charges against him, and solely seeks monetary damages.[1]

C. Analysis of Sufficiency of Complaint

Melinda Miel is immune from a §1983 suit for damages. A civil rights complaint filed pursuant to §1983 must demonstrate that a person or persons, acting under color of state law, violated a constitutionally protected right of the plaintiff.

In this case Melinda Miel is employed by a Miami High School and does not work under color of state law. Polk v Dodson, 454 U.S. 312 (1981).

---

[1]If the plaintiff were to attempt to attack any pending charges against him, or convictions, the claims would be foreclosed by Heck v Humphrey, 512 U.S. 477, 486-487 (1994).

4

### III. Conclusion

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 2nd day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Daniel Gallagher, Pro Se
    382573
    Dade Correctional Institution
    Address of Record